**No. 23-3227**
**Cross Appeal Case No. 23-3390**
**No. 24-159**

*In the*
**UNITED STATES COURT OF APPEALS**
*for the*
**NINTH CIRCUIT**

WEALTHY, INC. AND DALE BUCZKOWSKI,

*Plaintiffs-Appellants,*

v.

SPENCER CORNELIA, CORNELIA MEDIA LLC, AND
CORNELIA EDUCATION LLC,

*Defendants-Appellees.*

On Appeal from the
United States District Court for the District of Nevada
No. 2:21-cv-01773-JCM-EJY, consolidated with
No. 2:22-cv-00740-JCM-EJY
Honorable James C. Mahan, United States District Judge

**APPELLEES' PETITION FOR
PANEL AND EN BANC REHEARING**

Marc J. Randazza
Alex J. Shepard
RANDAZZA LEGAL GROUP, PLLC
8991 W. Flamingo Rd., Ste B
Las Vegas, NV 89147
Tel:   702-420-2001
ecf@randazza.com
Attorneys for Appellees

i

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ............................................................ III

**INTRODUCTION** ...................................................................... 1

**ARGUMENT** ............................................................................. 1

    I.   A PREVAILING ANTI-SLAPP MOVANT IS ENTITLED TO A MANDATORY AWARD OF ATTORNEYS' FEES ............................... 4

    II.  A PREVAILNG ANTI-SLAPP MOVANT MAY OBTAIN RELIEF BEYOND AN AWARD OF COSTS AND FEES ................................... 9

    III. THERE WAS NO OPPORTUNITY TO ADDRESS MOOTNESS BEFORE THIS COURT'S DECISION ............................................... 12

    IV. THE FAILURE TO ENGAGE IN PROPER ANALYSIS IS MANIFESTLY UNJUST AND DEFEATS IMPORTANT POLICY GOALS ................................................................................ 13

**CONCLUSION** ...................................................................... 18

# TABLE OF AUTHORITIES

**CASES**

*Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*
738 F.3d 960 (9th Cir. 2013) .......................................................3, 6, 13

*Cohen v. Beneficial Indus. Loan Corp.*
337 U.S. 541 (1949) ...........................................................................14

*Gopher Media LLC v. Melone*
154 F.4th 696 (9th Cir. 2025)......................................................6, 14, 16

*Ketchum v. Moses*
17 P.3d 735 (Cal. 2001) ......................................................................16

*Knox v. Serv. Emps. Int'l Union, Loc. 1000*
567 U.S. 298 (2012)..........................................................................2, 4

*Nat. Res. Council v. BLM*
470 F.3d 818 (9th Cir. 2006) ............................................................... 4

*Planned Parenthood Fed'n of Am. v. Ctr. For Med. Progress*
890 F.3d 828 (9th Cir. 2018) ............................................................3, 5

*Rogers v. Home Shopping Network, Inc.*
57 F.Supp.2d 973 (C.D. Cal. 1999) ..................................................... 5

*Sarver v. Chartier*
813 F.3d 891 (9th Cir. 2016) .............................................................. 6

*Shahrokhi v. Harter*
No. 23-16012, 2025 U.S. App. LEXIS 28951 (9th Cir. Nov. 5, 2025) ... 9

*Sioux County v. Nat'l Sur. Co.*
276 U.S. 238 (1928)...........................................................................14

*Smith v. Zilverberg*
481 P.3d 1222 (Nev. 2021) ...............................................................5, 8

*United States ex rel. Newsham v. Lockheed Missiles & Space Co.*
  190 F.3d 963 (9th Cir. 1999). ..............................................................11

*Vess v. Ciba-Geigy Corp. USA*
  317 F.3d 1097 (9th Cir. 2003) .........................................................3, 5

*Wild Wilderness v. Allen*
  871 F.3d 719 (9th Cir. 2017) ...........................................................3, 4

**STATUTES**

15 U.S.C. § 1117............................................................................... 7
NRS 41.670 ....................................................................................8, 9

**RULES**

Cal. Code Civ. Proc. § 425.16.............................................................. 5
Fed. R. Civ. P. 56 .............................................................................. 1

## **INTRODUCTION**

Appellees Spencer Cornelia, Cornelia Media LLC, and Cornelia Education LLC ("Appellees") request panel and en banc rehearing of this Court's decision in this consolidated appeal dated December 30, 2025, and attached to this Petition. Appellees only seek rehearing in Appeal No. 23-3390, which is Appellees' cross-appeal of the District Court's denial to apply Nevada's Anti-SLAPP law, NRS 41.635-670, to Appellants' state law claims.

## **ARGUMENT**

The Court dismissed this appeal as moot because it affirmed the District Court's grant of summary judgment. However, this Court made a crucial error in making that determination. The Anti-SLAPP law is not simply about the defense winning its case. Rather, this Court erred by ignoring the substantive rights and elements of the Anti-SLAPP law beyond a decision on the merits of a plaintiff's claim. In short, Fed. R. Civ. P. 56 is where we find just the dismissal of Appellants' claims. If Appellees were merely seeking another avenue to dismissal, the Anti-SLAPP appeal would be moot. It is not.

1

The Anti-SLAPP law has *substantive* elements to it that are not simply satisfied by saying "the case is over, so everything is moot." The Anti-SLAPP law entitles the movant to a mandatory award of attorneys' fees for the entire action, as well as a potential award of statutory damages and the ability to bring a separate claim against the non-movant for damages and fees, which is relief beyond what the mere grant of summary judgment under Rule 56 allows.

The Panel overlooked this issue, warranting rehearing. Mootness was not an issue before the District Court, nor was it raised by Appellants Wealthy and Buczkowski. It was not a question raised by the Panel at argument. The first time the question appeared was in the decision, and Appellees never had an opportunity, until now, to address the issue. Overlooking this issue warrants panel rehearing. Rehearing en banc is also warranted because the finding of mootness conflicts with decisions of this circuit, namely:

- *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298 (2012);

- *Wild Wilderness v. Allen*, 871 F.3d 719 (9th Cir. 2017);

- *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003);

- *Planned Parenthood Fed'n of Am. v. Ctr. For Med. Progress*, 890 F.3d 828 (9th Cir. 2018);

- *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960 (9th Cir. 2013);

The full Court's consideration is therefore necessary to secure or maintain uniformity of this Court's decisions.

On December 30, 2025, counsel for Appellees and Appellants Wealthy Inc. and Dale Buczkowski met and conferred regarding the relief sought in this Petition. Counsel for Appellants stated they could not agree to the requested relief.

## I.     A PREVAILING ANTI-SLAPP MOVANT IS ENTITLED TO A MANDATORY AWARD OF ATTORNEYS' FEES

Nevada's Anti-SLAPP law was passed to allow for early dismissal of meritless suits premised on the exercise of First Amendment rights and to disincentivize such suits by making sure the defendant can be made whole with an award of attorneys' fees.

The "early dismissal" portions of the law are state procedural rules that do not apply in federal court.  But the substantive elements of the Anti-SLAPP law still apply in federal court.  This Court made the error

3

of concluding that Appellees sought nothing more than a redundant "second dismissal."

The reason Appeal No. 23-3390 exists is that there is a basket of substantive rights that Appellees were deprived of because of the error below – and this Court should have corrected that error. Instead, it compounded the error by introducing the issue of mootness when the relief sought is not moot. "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012) (citation and quotations omitted). A case is not moot if "there can be *any* effective relief." *Wild Wilderness v. Allen*, 871 F.3d 719, 724 (9th Cir. 2017) (emphasis in original) (quoting *Or. Nat. Res. Council v. BLM*, 470 F.3d 818, 820 (9th Cir. 2006). Here, Appellees would obtain effective relief beyond what summary judgment affords if the denial of the Anti-SLAPP motion were reversed.

NRS 41.670(1)(a) provides that the court "**shall** award reasonable costs and attorney's fees to the person against whom the action was brought . . . ." (emphasis added). This entitles the movant to an award of all fees incurred in defending against the entire action, not just fees

4

related to the Anti-SLAPP motion. *Smith v. Zilverberg*, 481 P.3d 1222, 1231 (Nev. 2021). A prevailing Anti-SLAPP movant is entitled to relief beyond a party who simply obtains dismissal pursuant to Fed. R. Civ. P. 12 or 56. This Court has seen this issue many times. *See, e.g., Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1110-11 (9th Cir. 2003) (affirming award of attorneys' fees under California Anti-SLAPP statute after affirming order of dismissal on Rule 12(b)(6) grounds); *Planned Parenthood Fed'n of Am. V. Ctr. For Med. Progres*s, 890 F.3d 828, 833 (9th Cir. 2018) ("'If a defendant makes a special motion to strike based on alleged deficiencies in the plaintiff's complaint, the motion must be treated in the same manner as a motion under Rule 12(b)(6) except that the attorney's fee provision of [Cal. Code Civ. Proc.] § 425.16(c) applies'") (quoting *Rogers v. Home Shopping Network, Inc.*, 57 F.Supp.2d 973, 983 (C.D. Cal. 1999)). The error here is stark and a miscarriage of justice.

The fee-shifting provision is not a procedural element of Nevada's Anti-SLAPP law, but rather a substantive fee-shifting law that applies in federal court. *See Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 973 (9th Cir. 2013) (noting that state laws on attorneys'

5

fees are substantive and thus apply in federal diversity[1] cases); *Gopher Media LLC v. Melone*, 154 F.4th 696, 707-09 (9th Cir. 2025) (Bennet, J., concurring) (noting that the fee-shifting provision of California's Anti-SLAPP law is substantive and does not conflict with Federal Rules 12 and 56). Some aspects of state Anti-SLAPP laws are procedural and do not apply in federal court. *See, e.g., Sarver v. Chartier*, 813 F.3d 891, 900 (9th Cir. 2016) (finding that 60-day time limit to file Anti-SLAPP motion under California statute is procedural and does not apply in federal court). Appellees acknowledged as much in their briefing and did not seek to invoke any of the Nevada statute's procedural elements, such as a stay of discovery, at the District Court. The entitlement to attorneys' fees is not procedural, however. Only the procedural elements, which were never invoked, could be moot at this point.

One may be misled that entitlement to fees under the Anti-SLAPP law is merely academic here because the Lanham Act allows an award of fees, and thus Appellees will not obtain any greater entitlement to fees if their Anti-SLAPP motion is granted. This, too, would be error.

---

[1] While Appellants brought a federal claim under the Lanham Act, they also brought state law claims, and Appellees' Anti-SLAPP motion was only directed at these state law claims.

There are two problems with this argument. The first is that a fee award under 15 U.S.C. § 1117(a) is discretionary, whereas an Anti-SLAPP fee award is mandatory. Under 15 U.S.C. § 1117(a), "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." There is a significant difference between a *guaranteed* award of fees and a discretionary one that, in theory, might not be awarded.

Second, Appellants' claim under the Lanham Act was only one of four claims asserted in their Complaint; the rest were state tort claims. While there is considerable overlap in work for the federal and state claims, as briefed in Appellees' motion for attorneys' fees under the Lanham Act (Dist. Ct. Dkt. 251 at 15-16), there is significant work attributable solely to the state law claims and the Anti-SLAPP motion that would not be recoverable under the Lanham Act. For example, much of the work on the prong one analysis under the Anti-SLAPP motion at the District Court and on appeal, as well as most (if not all) work on Appellees' Reply Brief, would not be recoverable under the Lanham Act. There is thus a meaningful disparity between the fees Appellees may recover under the Lanham Act and the Anti-SLAPP statute, which the Panel overlooked. The decision also conflicts with the Ninth Circuit cases

7

above finding that a matter is not moot if any relief may be granted and that the fee-shifting provisions of Anti-SLAPP statutes apply in federal court.

## II. A PREVAILNG ANTI-SLAPP MOVANT MAY OBTAIN RELIEF BEYOND AN AWARD OF COSTS AND FEES

In addition to attorneys' fees, prevailing on an Anti-SLAPP motion allows for an award of up to $10,000 in statutory damages under NRS 41.670(b), which provides that "[t]he court may award, in addition to reasonable costs and attorney's fees awarded pursuant to paragraph (a), an amount of up to $10,000 to the person against whom the action was brought." Each separate prevailing Anti-SLAPP movant is entitled to this award, meaning Appellees could be awarded up to $30,000 in statutory damages, on top of an award of costs and fees, if their Anti-SLAPP motion is granted. *Zilverberg*, 481 P.3d at 1232. This Court has recognized that this provision applies in federal court. *See Shahrokhi v. Harter*, No. 23-16012, 2025 U.S. App. LEXIS 28951, *4 (9th Cir. Nov. 5, 2025) (noting that the district court had discretion to award $10,000 in damages under NRS 41.670(1)(b)). Again, there is independent

8

significance to Appellees having their Anti-SLAPP motion granted, meaning Appeal No. 23-3390 is not moot.

NRS 41.670 provides one additional form of relief to a prevailing Anti-SLAPP movant. If the court grants an Anti-SLAPP motion, "[t]he person against whom the action is brought may bring a separate action to recover (1) Compensatory damages; (2) Punitive damages; and (3) Attorney's fees and costs of bringing the separate action." NRS 41.670(1)(c). This ability to bring a separate action (typically referred to as a "SLAPP-back" claim) is contingent on the court granting the Anti-SLAPP motion. Under the present state of things, the denial of the Anti-SLAPP motion by the District Court means Appellees are foreclosed from bringing a SLAPP-back claim. By declaring mootness without addressing the separate and independent benefits of prevailing on an Anti-SLAPP motion, this Court failed to engage in proper *de novo* review of Appeal No. 23-3390, and thus unjustly barred a cause of action that Appellees deserve to have open to them.

There are thus three forms of relief available to Appellees contingent on the granting of their Anti-SLAPP motion. The appeal concerning the order denying that motion is not mooted by the grant of

9

summary judgment under Rule 56, and the Court should grant rehearing to determine whether the District Court should have granted the Anti-SLAPP motion.

## III. THERE WAS NO OPPORTUNITY TO ADDRESS MOOTNESS BEFORE THIS COURT'S DECISION

The Panel's Decision was the first point at which any party or court even hinted at mootness. The District Court did not find or even suggest that the Anti-SLAPP motion was moot in light of its decision to grant summary judgment in Appellees' favor. Rather, it undertook the Anti-SLAPP analysis, though it came to an erroneous conclusion. If the Anti-SLAPP issue were moot, the District Court could have simply granted summary judgment and then declared the Anti-SLAPP issue to be moot, itself.

Appellants never so much as suggested in their briefing below or on appeal that the Anti-SLAPP motion would be mooted if summary judgment was awarded to Appellees. Had they done so, Appellees would have responded with a motion for sanctions, as such an argument would not have been grounded in the applicable law. And while the parties did brief the difference in scope of recoverable fees under the Lanham Act

and the Anti-SLAPP statute at the District Court, that was in the context of seeking fees under the Lanham Act, not mootness.

Accordingly, in finding the Anti-SLAPP appeal was moot in light of its decision to affirm the grant of summary judgment in Appellees' favor, the Panel made a separate legal error in overlooking the significance of an order granting an Anti-SLAPP motion, without providing any opportunity for the parties to address the issue of mootness.

## IV. THE FAILURE TO ENGAGE IN PROPER ANALYSIS IS MANIFESTLY UNJUST AND DEFEATS IMPORTANT POLICY GOALS

"The hallmark of a SLAPP suit is that it lacks merit" but it is brought for the purpose of "obtaining an economic advantage over a citizen party by increasing the cost of litigation to the point that the citizen party's case will be weakened or abandoned, and of deterring future litigation." *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 970-71 (9th Cir. 1999).

Such motive is apparent here. This case is stark in its lack of merit against Appellees. Appellants brought a fatally weak defamation claim, which was forum shopped into federal court by attaching a beyond-

11

frivolous Lanham Act claim.[2]  Why was it forum shopped into federal court?  Because the *procedural* elements of the Anti-SLAPP law would have applied in state court, and this case would have been over years and hundreds of thousands of dollars in fees ago.[3]  SLAPP plaintiffs have learned that if you have a frivolous defamation claim, the best place to be is in federal court rather than face early dismissal in state court.  *See generally*, "Application of State Anti-SLAPP Laws in Federal Court," Quinn Emanuel (June 14, 2022);[4] Shannon Jankowski and Charles Hogle, "SLAPP-ing Back: Recent Legal Challenges to the Application of State Anti-SLAPP Laws," American Bar Association (Mar. 16, 2022).[5]

Accordingly, Appellants cleverly tacked on a Lanham Act claim so that they could draw this process out, and their ploy was successful.  This

---

[2]    Dale Buczkowski claimed to be a Nevada resident and Appellees are all located in Nevada, and thus diversity jurisdiction was not available as a basis for filing in federal court.

[3]    NRS 41.660(4) imposes an automatic stay on discovery when an Anti-SLAPP motion is filed, but this stay does not apply in federal court.

[4]    Available at: https://www.quinnemanuel.com/the-firm/publications/lead-article-application-of-state-anti-slapp-laws-in-federal-court/.

[5]    Available at: https://www.americanbar.org/groups/communications_law/publications/communications_lawyer/2022-winter/slapping-back-recent-legal-challenges-the-application-state-antislapp-laws/.

case was filed on June 21, 2021, and has dragged on for over 54 months. Meanwhile, had it been properly brought in state court, without its absurd Lanham Act claim, there would have been limited (if any) discovery and a quick (and far less expensive) resolution. Mr. "Moneyberg" properly calculated that he had more money, so federal court was where he held an advantage in a war of attrition.

The federal courts should find some discomfort in the fact that they are where SLAPP plaintiffs now seek refuge. However, there is at least one deterrent that remains intact in Federal Court – the fee shifting element of Anti-SLAPP laws. *See Avis Budget Grp.*, 738 F.3d at 973 ("The Supreme Court held in *Alyeska Pipeline Service Co. v. Wilderness Society* that for *Erie Railroad Co. v. Tompkins* purposes, state law on attorney's fees is substantive, so state law applies in diversity cases") (footnotes omitted).

The anti-SLAPP law's fee-shifting provision creates a substantive right to attorneys' fees and a clear obligation on the part of a SLAPP plaintiff to pay those fees. *See Melone*, 154 F.4th at 707 (Bennet, J., concurring) (citing *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541,

13

555-56 (1949) (holding that a state law that "create[d] a new liability where none existed before" was substantive)).

This manifest error of finding one of the substantive elements of the Nevada Anti-SLAPP law to be "moot" (since the case was resolved at summary judgment) cannot stand, as it eviscerates a substantive right and it lacks foundation.

"The Supreme Court has long held that state statutes requiring an award of attorneys' fees to further a substantial policy apply in federal court." *Melone*, 154 F.4th at 708.

> [I]t is clear that it is the policy of the state to allow plaintiffs to recover an attorney's fee in certain cases, and it has made that policy effective by making the allowance of the fee mandatory on its courts in those cases. It would be at least anomalous if this policy could be thwarted and the right so plainly given destroyed by removal of the cause to the federal courts.

*Id.*, quoting *Sioux County v. Nat'l Sur. Co.*, 276 U.S. 238, 243 (1928).

Accordingly, Appellants could have potentially avoided exposure to the Anti-SLAPP law by not bringing state law claims. But bring state law claims they did, and those claims, being creatures of state law, come with responsibilities, obligations, and pitfalls under state law.

14

The policy destruction that this Panel's error creates goes beyond manifest injustice to Appellees. SLAPP plaintiffs have adapted to the federal ecosystem's prohibition on quick resolution of these claims, but still face fee shifting. However, while this case may not be binding precedent on others nor published, SLAPP plaintiffs will now get the message that they can drag their victims through the courts until the last day, and as long as they can lose at Summary Judgment, *which has to happen for an Anti-SLAPP law to apply*, that they can duck the fee shift. That is antithetical to the substantive purpose of the Nevada Anti-SLAPP law.

This decision condemns access to justice in SLAPP suits in federal court. The fee-shifting provision was the last vestige of any discouragement to filing SLAPP suits in federal court. But the fee-shifting provision also provides access to justice for defendants who could not otherwise afford a defense. "The fee-shifting provision also encourages private representation in SLAPP cases, including situations when a SLAPP defendant is unable to afford fees or the lack of potential monetary damages precludes a standard contingency fee arrangement." *Melone*, 154 F.4th at 705 (quoting *Ketchum v. Moses*, 17 P.3d 735, 741

15

(Cal. 2001)). The substantive fee-shifting provision encourages private representation of SLAPP defendants. If it ceases to exist in the District of Nevada because winning a summary judgment renders it moot, then wealthy SLAPP defendants can stand there – but poor and middle class people will have no access to justice at all. That consequence of this error cannot be ignored by this Court.

The clear legal authority coupled with these policy concerns makes this case cry out for rehearing, whether by the Panel or the full Court.

## CONCLUSION

For the foregoing reasons, the Court should grant panel and en banc rehearing in the 23-3390 appeal and, for the reasons stated in Appellees' briefing, reverse with instructions for the District Court to grant Appellees' Anti-SLAPP motion

Date: January 8, 2026      RANDAZZA LEGAL GROUP, PLLC

/s/ Alex J. Shepard
Marc J. Randazza
Alex J. Shepard
RANDAZZA LEGAL GROUP, PLLC
*Attorneys for Appellees*

16

## CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate ACMS system.

Participants in the case who are registered ACMS users will be served by the appellate ACMS system.

Date: January 8, 2026

RANDAZZA LEGAL GROUP, PLLC

/s/ Alex J. Shepard
Marc J. Randazza
Alex J. Shepard
RANDAZZA LEGAL GROUP, PLLC
*Attorneys for Appellees*

17

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)** | 23-16132; 23-3227; 23-33903 24-159

I am the attorney or self-represented party.

**This brief contains** | 3,085 | **words, including** | 0 | words manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

(X) complies with the word limit of Cir. R. 32-1.

◯ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

◯ is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

◯ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

◯ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:

☐ it is a joint brief submitted by separately represented parties.
☐ a party or parties are filing a single brief in response to multiple briefs.
☐ a party or parties are filing a single brief in response to a longer joint brief.

◯ complies with the length limit designated by court order dated [                    ].

◯ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** | s/ Alex J. Shepard | **Date** | 01/08/2026

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 8** | *Rev. 12/01/22*