No. 23-3227
Cross Appeal Case No. 23-3390
No. 24-159

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

WEALTHY, INC. and DALE BUCZKOWSKI,
*Plaintiffs- Appellants / Cross-Appellees,*

v.

SPENCER CORNELIA, CORNELIA MEDIA LLC, and
CORNELIA EDUCATION LLC,
*Defendants- Cross-Appellants,*

and
JOHN MULVEHILL; et al.,
*Defendants.*

On Appeal from the United States District Court
for the District of Nevada
No. 2:21-cv-01173-JCM-EJY, consolidated with
No. 2:22-cv-00740-JCM-EJY
Honorable James C. Mahan, United States District Judge

**APPELLANTS / CROSS-APPELLEES' MOTION FOR LEAVE TO
FILE PETITION FOR REHEARING EN BANC**

TAMARA BEATTY PETERSON
tpeterson@petersonbaker.com
PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
Telephone: 702.786.1001

JEFFREY VOCKRODT
jvockrodt@cm.law
CM LAW
13101 Preston Road
Suite 110-1510
Dallas, TX 75240
Telephone: 202.615.9886

*Attorneys for Appellants / Cross-Appellees Wealthy Inc. and Dale
Buczkowski*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................iii

I.  INTRODUCTION ....................................................................... 1

II.  BACKGROUND ......................................................................... 2

III.  LEGAL STANDARD.................................................................. 4

IV.  ARGUMENT .............................................................................. 5

    A.  Good Cause Exists to Permit a Single En Banc Petition Keyed to the Superseding Decision............................................... 5

    B.  Granting Leave Will Not Encourage Successive or Dilatory Filings. ........................................................................ 7

    C.  The Equities and Institutional Interests Favor Allowing the Petition.............................................................................. 8

    D.  A Brief Stay of the Mandate is Warranted................................ 9

V.  RELIEF REQUESTED................................................................ 9

Certificate of Compliance....................................................................... 11

CERTIFICATE OF SERVICE .............................................................. 12

# TABLE OF AUTHORITIES

**CASES**

*Berk v. Choy*, No. 24-440, 607 U.S. ___ (Jan. 20, 2026)............................ 8

*Henry v. Ryan*, No. 09-99007 (9th Cir. Sept. 4, 2014) .............................. 6

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*,
890 F.3d 828 (9th Cir. 2018) .................................................................... 8

*United States ex rel. Newsham v. Lockheed Missiles & Space Co.*,
190 F.3d 963 (9th Cir. 1999) .................................................................... 8

**RULES**

Federal Rule of Appellate Procedure 2 ........................................... 1, 4, 5

Federal Rule of Appellate Procedure 26 .......................................... 1, 4, 5

Federal Rule of Appellate Procedure 40 .........................................passim

Federal Rule of Appellate Procedure 41 ................................................. 4

## I.   INTRODUCTION

Plaintiff-Appellants / Cross-Appellees ("Cross-Appellees") respectfully move for leave to file the attached Petition for Rehearing En Banc, notwithstanding the Court's statement in its February 25, 2026 Order [Dkt. #83.1] (the "Order") that "[n]o future petitions for rehearing or rehearing en banc will be entertained." Good cause exists to grant this narrow request. The panel's superseding Memorandum Disposition of February 25, 2026, materially changed the panel's rationale and holdings—including, for the first time, reversing the denial of the Cornelia Defendants' anti-SLAPP motion—thereby creating the conflict and exceptional-importance grounds that warrant en banc consideration under Federal Rule of Appellate Procedure 40(b).

Under Federal Rule of Appellate Procedure 40(d)(1), an amended decision constitutes the operative trigger for a petition for rehearing en banc. The Federal Rules do not use the term "superseding" decision, but a decision that materially alters an earlier decision is functionally equivalent to an "amended" decision and should be treated as such. Further, Rules 2 and 26(b) authorize the Court to suspend or extend time for good cause where, as here, the Order's no-further-rehearing clause

would otherwise reduce that opportunity.

This motion is filed 14 days after entry of the amended decision, and the Petition for Rehearing En Banc, if permitted, would be timely filed.

Further, by seeking leave, Cross-Appellees also address the mandate. Should this motion for leave be denied, the Court should grant Cross-Appellees' previously filed Motion to Stay Mandate Pending Petition for Certiorari (Dkt. 84.1); if this motion is granted, that earlier stay request will be rendered moot.

## II.  BACKGROUND

1.  On December 30, 2025, the panel issued a Memorandum Disposition. That decision did not include the materially revised holdings and rationale adopted in the superseding disposition (Dkt. 83.1), and thus did not present the en banc grounds Cross-Appellees now raise.

2.  Further, the grounds now raised could not have reasonably been raised at the district court level, since that court was bound to follow existing, binding, and well-established precedent of this Circuit.

3.  On February 25, 2026, the panel withdrew its December 30, 2025 Memorandum Disposition and filed a superseding Memorandum

Disposition. (Dkt. 83.1). In doing so, the panel materially modified its reasoning and holdings, including reversing the district court's denial of the Cornelia Defendants' anti-SLAPP motion and remanding, while maintaining its holdings from December 30, 2025 that affirmed summary judgment for the Cornelia Defendants and reversed the dismissal for lack of personal jurisdiction as to the Mulvehill Defendants.

4.      For the first time, the superseding decision adopts the rationale and consequences that Cross-Appellees seek to challenge en banc—including the anti-SLAPP ruling, which carries distinct, additional consequences under Nevada law beyond summary judgment. *See* Order (Dkt. 83.1) at n. 1.

5.      In the same Order, the Court stated: "No future petitions for rehearing or rehearing en banc will be entertained." Order (Dkt. 83.1).

6.      Cross-Appellees seek leave to file a single petition for rehearing en banc directed to the superseding decision and limited to issues first presented by that decision. Cross-Appellees file this motion 14 days after entry of the amended decision to avoid any prejudice and attach the proposed petition to facilitate efficient resolution.

Plaintiffs contacted counsel for the Cornelia Defendants / Cross-

Appellants on March 10 and March 11 regarding the relief sought in this Motion. As of the date and time of filing this Motion, Counsel for Defendants / Cross-Appellants have not responded as to their position regarding this Motion.

## III. LEGAL STANDARD

Rule 40(d)(1) sets the filing deadline for a petition for rehearing en banc as 14 days after entry of judgment, and "if the panel later amends its decision (on rehearing or otherwise), within 14 days after the amended decision is entered," unless shortened or extended by order or local rule. Fed. R. App. P. 40(d)(1). Rule 26(b) authorizes extensions of time for "good cause", including permitting acts after a deadline has expired, subject to exceptions not applicable here. Fed. R. App. 26(b).

Further, Rule 2 authorizes the Court, for good cause, to suspend any rule in a particular case (again, subject to limits not relevant here). Fed. R. App. P. 2. Rule 41 governs mandates and permits a stay pending disposition of a timely petition or other order of the Court. Fed. R. App. P. 41(b).

These rules operate together to establish a governing framework: Rule 40(d)(1) creates a right to petition for rehearing en banc following

4

an amended decision; and where, as here, the panel's order effectively nullifies that right, Rules 2 and 26(b) provide the mechanism to restore the meaningful opportunity to be heard that the Rules contemplate.

## IV. ARGUMENT

### A. Good Cause Exists to Permit a Single En Banc Petition Keyed to the Superseding Decision.

The panel's superseding decision is the first ruling that imposes the injury and creates the conflict/importance that satisfy the en banc criteria. Cross-Appellees could not reasonably have been expected to anticipate and brief an en banc challenge to reasoning that did not exist. Rule 40(d)(1) recognizes precisely this scenario by starting the petition clock from "the amended decision." The panel's statement that no further rehearing will be entertained operates, in effect, to shorten that Rule 40(d)(1) period to zero. Rules 2 and 26(b) exist to address such case-specific circumstances and to ensure that parties have a meaningful opportunity to be heard when fairness so requires.

Cross-Appellees satisfy the good-cause standard. First, they have acted with diligence: this motion is filed 14 days after entry of the superseding decision, which is within the 14-day window that Rule 40(d)(1) ordinarily provides. Second, the circumstances are entirely

beyond Cross-Appellees' control—the panel, not Cross-Appellees, materially altered the decision and simultaneously foreclosed any petition directed at that altered decision by prohibiting further requests for rehearing. Third, no adequate alternative remedy exists. Certiorari cannot substitute for en banc review where, as here, the petition asks this Court to overrule its own longstanding circuit precedent in light of a recent Supreme Court decision; only the en banc court has authority to do so. *See* Rule 40(b)(2)(B).

The panel's no-further-rehearing directive, while an understandable exercise of case-management discretion, cannot override the structural entitlement that Rule 40(d)(1) provides following an amended decision. The superseding decision materially altered an earlier decision on an issue for the first time ruling against Cross-Appellees on the anti-SLAPP special motion to dismiss. The superseding decision is functionally equivalent to an "amended" decision in this respect, and should be treated as such. Moreover, the no-further-rehearing directive should not be read to strip the full Court of its authority to consider whether en banc review is warranted based on materially new reasoning. *See Henry v. Ryan*, No. 09-99007 (9th Cir. Sept. 4, 2014) (order) (granting

6

rehearing en banc of a later panel order to maintain uniformity in light of related en banc proceedings) *but see id.* (Tallman, J., dissenting) (raising objections under FRAP and Ninth Circuit internal procedures).

## B. Granting Leave Will Not Encourage Successive or Dilatory Filings.

Cross-Appellees are not seeking serial rehearing. To the contrary, Cross-Appellees seek to file the single en banc petition that Rule 40 contemplates in light of an amended decision. The proposed petition is confined to the new or materially altered aspects of the panel's reasoning and the resulting en banc issues. Cross-Appellees are proceeding expeditiously to eliminate any prejudice to the parties or the Court.

Importantly, permitting this filing does not undermine the panel's legitimate interest in bringing its own rehearing proceedings to a close. Cross-Appellees do not ask the panel to reconsider its decision again; they ask the full Court to determine whether en banc review is warranted in light of the superseding decision's new reasoning in light of a recent Supreme Court decision. The panel's finality interest is fully respected because the en banc petition is directed to the Court as a whole, not to the panel.

7

**C. The Equities and Institutional Interests Favor Allowing the Petition.**

Accepting the petition will assist the Court in determining whether the superseding decision implicates the uniformity and importance concerns that warrant en banc consideration. Specifically, Cross-Appellees' petition contends that the superseding decision's anti-SLAPP ruling, including this circuit's established precedent in *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963 (9th Cir. 1999) and *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir. 2018), amended, 897 F.3d 1224 (9th Cir. 2018) conflicts with the recent decision of the U.S. Supreme Court in *Berk v. Choy*, No. 24-440, 607 U.S. ___ (Jan. 20, 2026). If the petition lacks merit, the Court can deny it summarily without burden; if it has merit, considering it now promotes finality and consistency. By contrast, denying any avenue to present newly ripened en banc issues risks this case proceeding to the Supreme Court to resolve the circuit split over whether anti-SLAPP special motions can be used in federal court — and consequently whether *Newsham* is good law in light of *Berk v. Choy* — without allowing the Ninth Circuit to make that decision in the first instance.

8

### D. A Brief Stay of the Mandate is Warranted.

If the Court grants leave, Rule 41 provides for a stay of the mandate pending disposition of the petition. To preserve the Court's jurisdiction to consider the attached petition and to avoid unnecessary motion practice if the mandate were to issue in the interim, Cross-Appellees respectfully request a brief administrative stay of the mandate pending resolution of this motion and, if granted, through final disposition of the petition. If, however, the Court denies this motion for leave, Cross-Appellees respectfully request that the Court grant Cross-Appellees' previously filed motion to stay the mandate pending the filing and disposition of a petition for a writ of certiorari. See Dkt. 84. Conversely, if leave is granted, the previously filed stay motion will be rendered moot.

## V. RELIEF REQUESTED

Cross-Appellees respectfully request that the Court:

1. Grant this motion for leave and accept for filing the attached Petition for Rehearing En Banc;

2. In the alternative, extend or restore the time to file that petition under Rule 26(b) and accept the attached petition as timely filed;

3. Enter a brief administrative stay of the mandate under Rule 41 pending disposition of this motion and, if leave is granted, pending

resolution of the attached petition; and, if the Court denies this motion, grant Cross-Appellees' previously filed motion to stay the mandate pending a petition for certiorari;

4. Grant such other and further relief as the Court deems just and proper.

Dated this 11th day of March, 2026.

By: /s/ Tamara Beatty Peterson
TAMARA BEATTY PETERSON (Bar No. 5218)
PETERSON BAKER, PLLC
-and-
JEFFREY VOCKRODT
CM LAW

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Certificate of Compliance

**9th Cir. Case Number:** 23-3227; 23-3390; 24-159

I am the attorney or self-represented party.

I certify that pursuant to Circuit Rule 27, the attached Cross-Appellees' Motion for Leave to File Petition for Rehearing En Banc and to Stay the Mandate is (select one):

☒ Prepared in a format, typeface, and type style that complies with Fed. R. App. P. 32(a)(4)-(6) and **contains the following number of words: 1774.**

**OR**

☐ In compliance with Fed. R. App. P. 32(a)(4)-(6) and does not exceed 15 pages.

**Date: March 11, 2026.**


**Signature:** */s/ Tamara Beatty Peterson*
*(use "*s/[typed name]*" to sign electronically filed documents)*

11

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing CROSS-APPELLEES' MOTION FOR LEAVE TO FILE PETITION FOR REHEARING EN BANC AND TO STAY THE MANDATE with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on March 11, 2026.

I further certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the appellate CM/ECF system.

*/s/ Julia L. Melnar*
on behalf of Peterson Baker, PLLC

12

Proposed Petition for Rehearing En Banc

No. 23-3227
Cross Appeal Case No. 23-3390
No. 24-159

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

WEALTHY, INC. and DALE BUCZKOWSKI,
*Plaintiffs- Appellants / Cross-Appellees,*

v.

SPENCER CORNELIA, CORNELIA MEDIA LLC, and
CORNELIA EDUCATION LLC,
*Defendants- Appellees & Cross-Appellants,*

and

JOHN MULVEHILL; et al.,
*Defendants.*

On Appeal from the United States District Court
for the District of Nevada
No. 2:21-cv-01173-JCM-EJY, consolidated with
No. 2:22-cv-00740-JCM-EJY
Honorable James C. Mahan, United States District Judge

**APPELLANTS' / CROSS-APPELLEES' PETITION FOR
REHEARING EN BANC**

TAMARA BEATTY PETERSON
tpeterson@petersonbaker.com
PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
Telephone: 702.786.1001

JEFFREY VOCKRODT
jvockrodt@cm.law
CM LAW
13101 Preston Rd. Ste. 110-1510
Dallas, TX 75240
Telephone: 202.615.9886

*Attorneys for Cross-Appellees Wealthy Inc. and Dale Buczkowski*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................... iii

I.    INTRODUCTION ....................................................................... 1

II.   STATEMENT OF COUNSEL ..................................................... 2

III.  PROCEDURAL POSTURE AND THE PANEL'S RULING ...... 3

IV.   REASONS FOR REHEARING EN BANC ............................... 4

   A.  The panel's approach guided by *Newsham* of applying anti-SLAPP special motions to dismiss in federal court conflicts with the Supreme Court's decision in *Berk v. Choy* ...................................................................................... 4

      1)  Berk Undermines the Newsham Rationale for Co-Existence and Instead Favors Displacement ..................... 5

      2)  Berk Rejected a Purpose-Focused Framing of the Question in Dispute Under Shady Grove .......................... 7

      3)  Berk Forecloses Re-Writing Nevada anti-SLAPP Law that Demands More than the Federal Rules ..................... 8

      4)  Substantive Nature of Displaced Law is Irrelevant to Federal Rule's Validity Under Berk ................................ 11

   B.  The panel's reliance on summary judgment cannot sustain anti-SLAPP relief. ...................................................... 14

   C.  The question presented is exceptionally important and warrants en banc review notwithstanding *Gopher Media*. ..... 15

V.    RELIEF REQUESTED ............................................................. 19

Form 11. Certificate of Compliance for Petitions for Rehearing/Responses ............................................................... 21

CERTIFICATE OF SERVICE ........................................................... 22

# TABLE OF AUTHORITIES

<u>**CASES**</u>

*Abbas v. Foreign Pol'y Grp.*, LLC, 783 F.3d 1328 (D.C. Cir. 2015) ....... 16

*Batzel v. Smith*, 333 F.3d 1018 (9th Cir. 2003) ................................... 15

*Berk v. Choy*, 607 U.S. ___, No. 24-440 (Jan. 20, 2026)...................passim

*Burlington Northern Railroad Co., v. Woods*, 480 U.S. 1 (1987) .......... 14

*Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1347 (11th Cir. 2018) ................................................................................ 16

*Clifford v. Trump*, 818 Fed. Appx. 746 (9th Cir. 2020) ........................ 16

*Cohen v. Beneficial Industrial Loan Corp*, 337 U.S. 541 (1949) ......... 5, 6

*Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938).......................................... 14

*Godin v. Schencks*, 629 F.3d 79 (1st Cir. 2010) .................................... 17

*Gopher Media LLC v. Melone*, 154 F.4th 696 (9th Cir. Oct. 9, 2025)................................................................................passim

*Hanna v. Plumer*, 380 U.S. 460 (1965)........................................... 13, 14

*La Liberte v. Reid*, 966 F.3d 79 (2d Cir. 2020)..................................... 16

*Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832 (9th Cir. 2001)................ 9

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress* 897 F.3d 1224 (9th Cir. 2018) .............................................................. 2

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress,* 890 F.3d 828 (9th Cir. 2018) ........................................................... 2, 8

*Rogers v. Home Shopping Network, Inc.*, 57 F. Supp.2d 973 (C.D. Cal. 1999) .......................................................................................... 9

*Sarver v. Chartier*, 813 F.3d 891 (9th Cir. 2016).................................... 9

iii

*Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.,* 559 U.S. 393 (2010) ........................................................................... 5, 7, 13

*Sioux County v. Nat'l Sur. Co.*, 276 U.S. 238 (1928) ............................. 12

*Stubbs v. Strickland*, 129 Nev. 146, 151, 297 P.3d 326, 329 (Nev. 2013).................................................................................................... 12

*United States ex rel. Newsham v. Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963 (9th Cir. 1999)................................................passim

## STATUTES

Nev. Rev. Stat. §41.660 .................................................................... 8, 9, 11

Nev. Rev. Stat. §41.670 .................................................................... 11, 12

## OTHER AUTHORITIES

Brownstein Client Alert, "Supreme Court Ruling Signals Trouble Ahead for Anti-SLAPP Statutes in Federal Court," (Jan. 20, 2026) (https://www.bhfs.com/insight/supreme-court-ruling-signals-trouble-ahead-for-anti-slapp-statutes-in-federal-court/) (accessed March 10, 2026) .................................................................................. 19

Lina Dayem, "La Liberte v. Reid and the Anti-SLAPP Split," U. Chicago Law Review (online essay) (available at https://lawreview.uchicago.edu/online-archive/la-liberte-v-reid-and-anti-slapp-split) (accessed March 10, 2026) .................................. 18

Niles-Weed, "A Sleeper Supreme Court Case Opens Door to More Frivolous Suits," Bloomberg Law (March 3, 2026) (available at https://news.bloomberglaw.com/legal-exchange-insights-and-commentary/a-sleeper-supreme-court-case-opens-door-to-more-frivolous-suits) (accessed March 10, 2026).............................................. 19

Oliver Kassenbrock, Don't Let Them SLAPP You Around: The Case for Federal Anti-SLAPP Legislation, Univ. Il. Chicago Law Review (available at https://lawreview.law.uic.edu/news-stories/dont-let-them-slapp-you-around-the-case-for-federal-anti-slapp-legislation/) (accessed March 10, 2026)....................................... 18

v

## **RULES**

Cal. Civ. Proc. Code §425.16 .......................................................... 17

Federal Rule of Appellate Procedure 40 .............................................. 1, 2

Federal Rule of Civil Procedure 8......................................................passim

Federal Rules of Civil Procedure 12.................................................passim

Federal Rules of Civil Procedure 56.................................................passim

## I.   INTRODUCTION

Plaintiff-Appellants / Cross-Appellees ("Cross-Appellees") respectfully petition for rehearing en banc under Federal Rule of Appellate Procedure 40(b)(2)(B). Rehearing en banc is warranted because the panel's superseding memorandum disposition, filed concurrently with the February 25, 2026 order denying rehearing, (Dkt. 83.1) resolves a recurring and exceptionally important question—the applicability of state anti-SLAPP special-motion procedures in federal court—in a manner that conflicts with intervening Supreme Court authority issued on January 20, 2026: *Berk v. Choy*, 607 U.S. \_\_\_, No. 24-440 (Jan. 20, 2026).

*Berk* holds that when a state law demands evidentiary material as a precondition to proceeding and thereby alters the federal pleading and pretrial framework, Federal Rules of Civil Procedure 8, 12, and 56 displace the state requirement regardless of any substantive purpose of the state law. That reasoning cannot be squared with this Court's anti-SLAPP jurisprudence treating state special-motion regimes as compatible with, and in some respects incorporated by, Rules 12 and 56. *See, e.g., United States ex rel. Newsham v. Lockheed Missiles & Space Co.*,

*Inc.*, 190 F.3d 963 (9th Cir. 1999); *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir. 2018), amended, *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress* 897 F.3d 1224 (9th Cir. 2018). There is a widely acknowledged circuit split over whether state anti-SLAPP special motions with burden-shifting mechanisms apply in federal court, given their conflict with the Federal Rules of Civil Procedure. The Supreme Court is likely to resolve this circuit split and consequently whether *Newsham* is good law in light of *Berk v. Choy*. This petition presents the Ninth Circuit with an opportunity to decide this question in the first instance.

## II.    STATEMENT OF COUNSEL

Pursuant to Rule 40(b)(2), undersigned counsel states that en banc rehearing is necessary because (1) the panel decision conflicts with a decision of the Supreme Court of the United States—*Berk v. Choy*, No. 24-440 (U.S. Jan. 20, 2026)—and (2) the proceeding involves a question of exceptional importance concerning whether state anti-SLAPP special-motion procedures apply in federal diversity and supplemental-jurisdiction cases after *Berk*. *See* Fed. R. App. P. 40(b)(2)(B) and (D).

2

### III.   PROCEDURAL POSTURE AND THE PANEL'S RULING

On December 30, 2025, the panel issued a memorandum disposition affirming the denial of Defendant-Appellees / Cross-Appellants' special motion to dismiss under Nevada's anti-SLAPP statute as moot. (Dkt. 69.1).  On February 25, 2026, the panel withdrew that disposition, filed a superseding memorandum disposition reversing the denial of the special motion to dismiss, and denied rehearing. *See* Order (Dkt. 83.1). The superseding memorandum (1) held that the Cornelia defendants met Nevada's first-prong "good faith" showing and (2) the second prong "collapsed" into Rule 56, reasoning that because the panel affirms summary judgment, the plaintiffs necessarily failed the anti-SLAPP probability-of-success prong, thereby reversing the district court's denial of the anti-SLAPP motion and remanding. *Id.*  The Order issued after January 20, 2026—the date *Berk* was decided—but the superseding memorandum does not engage *Berk* or its implications for the applicability of state special-motion procedures in federal court.

Cross-Appellees acknowledge the statement in this Court's February 25, 2026 Order that "[n]o future petitions for rehearing or rehearing en banc will be entertained." Order at 3. However, the *Berk*

3

conflict raised herein only became ripe when the Court reversed the district court's dismissal of the anti-SLAPP special motion to dismiss, and prior to that the issue had been deemed moot. Moreover, the Court was at all times in this proceeding bound to follow this Circuit's *Newsham* holding that anti-SLAPP special motions to dismiss are applicable in federal proceedings, and any such arguments to the contrary outside of an en banc petition on that issue would have been futile. This is the first meaningful opportunity for Cross-Appellees to raise the *Berk* conflict.

## IV. REASONS FOR REHEARING EN BANC

### A. The panel's approach guided by *Newsham* of applying anti-SLAPP special motions to dismiss in federal court conflicts with the Supreme Court's decision in *Berk v. Choy*

*Berk* squarely holds that where a state's litigation screening mechanism requires evidentiary material beyond what the Federal Rules require at the pleading and pretrial stages, the Federal Rules control and the state requirement does not apply in federal court regardless of "whether *the displaced state law* is substantive." *Berk*, slip op. at 11 (emphasis in original). The Court set forth a two-step displacement analysis: (1) "We first ask whether the Federal Rule 'answers the question in dispute'"; and (2) "[i]f a Federal Rule answers

4

the disputed question, it governs, unless it 'exceeds statutory authorization or Congress's rulemaking power.'" *Berk,* slip op. at 4 (quoting *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.,* 559 U.S. 393, 398 (2010). The Court held that a Delaware law requiring a medical malpractice plaintiff to provide an "affidavit of merit" that "accompanie[s]" the plaintiff's complaint was displaced by Fed. R. Civ. P. 8(a)(2), which requires only "a short and plain statement of the claim showing that [he] is entitled to relief." *Id.,* slip op. at 6-8. While *Berk* involved a plaintiff-side obligation imposed at the complaint stage, the decision framed its displacement principle around the "federal pleading and pretrial framework" broadly, not the pleading stage alone. *See Berk,* slip op. at 5 ("Rule 12 reinforces the point. It provides only one ground for dismissal based on the merits: 'failure to state a claim upon which relief can be granted.'").

### 1) *Berk Undermines the Newsham Rationale for Co-Existence and Instead Favors Displacement*

The Supreme Court in *Berk* rejected the defendant's argument that its ruling in *Cohen v. Beneficial Industrial Loan Corp*, 337 U.S. 541 (1949) meant that the Delaware rule could co-exist with the Federal Rules. *Id.,* slip op. at 7–8.  In *Cohen*, the Supreme Court held that a state

5

law requiring a bond as a precondition for bringing a securities class action could be enforced in federal court despite Rule 23, which governs class actions. 337 U.S. 541, 543. The Court in *Berk* stated "*Cohen* … did not identify and exempt a broad category of so-called preconditions to proceeding from conflict with the Federal Rules … [i]t held that a particular state law addressed a matter that was unaddressed by the relevant Federal Rule." *Berk,* slip op. at 7-8. The *Berk* Court then explained that in the case at hand "the state law and the Federal Rule address the same issue: the information that a plaintiff must provide about the merits of his claim at the outset of litigation." *Id.,* slip op. at 8.

This Court in *Newsham* held that anti-SLAPP laws could co-exist with the Federal Rules and relied on *Cohen* to reach that conclusion, stating that "there is no indication that Rules 8, 12, and 56 were intended to 'occupy the field' with respect to pretrial procedures aimed at weeding out meritless claims." *Newsham*, 190 F.3d at 972 (citing *Cohen*, 337 U.S. at 556). The *Newsham* panel reported *Cohen* as holding "a state law requiring posting of bond in shareholder derivative suits could be enforced in addition to, and consistently with, Rule 23." *Id.* at 972-973. Thus, *Newsham,* like the unsuccessful defendants in *Berk,* "substantially

6

overread *Cohen*." *Berk*, slip op. at 7. Unlike the bond requirement at issue in *Cohen*, the conditions precedent to the successful special motion to dismiss including evidentiary burdens, timing requirements, and discovery stays do conflict with the Federal Rules, as explained below in Section IV.A.3 (discussing how anti-SLAPP special motion statutory preconditions are re-written to co-exist with the Federal Rules).

### 2) *Berk Rejected a Purpose-Focused Framing of the Question in Dispute Under Shady Grove*

The *Newsham* court pre-dated *Shady Grove* and therefore did not articulate a question in dispute for resolving anti-SLAPP applicability in federal court under the *Shady Grove* two-part framework. The *Berk* court, however, made clear that in framing the question in dispute, the focus is on the plain language of state law and not on its broader purpose. The 8-1 majority in *Berk* resisted framing the question as "what is required to start a medical malpractice case," but instead the Court asked "whether Berk's lawsuit may be dismissed" because his complaint was not accompanied by an expert affidavit. *Berk*, slip op. at 4, n. 1 (addressing the competing view in J. Jackson's concurrence). This contradicts a purpose-based framing of the question in dispute around "whether defendants may obtain attorneys' fees for the pretrial dismissal

7

of a meritless suit" that have been offered by proponents of upholding *Newsham* on this Court. *See Gopher Media LLC v. Melone*, 154 F.4th 696, 706–707 (9th Cir. Oct. 9, 2025) (en banc) (Bennett, C.J., joined by Callahan, C.J., concurring).

### 3) *Berk Forecloses Re-Writing Nevada anti-SLAPP Law that Demands More than the Federal Rules*

The Nevada anti-SLAPP law includes a two-prong analysis for deciding the merits of the special motion to dismiss. Once a defendant makes a threshold showing that the lawsuit arises from the defendant's exercise of his right to free speech under the first prong, then the burden shifts to the plaintiff to establish it "has demonstrated with prima facie evidence a probability of prevailing on the claim" under the second prong. *See* Nev. Rev. Stat. §41.660(3). The Ninth Circuit acknowledged the conflict in *Planned Parenthood* and harmonized the conflict by treating an anti-SLAPP motion that "challeng[es] legal sufficiency" under Rule 12 or one challenging "factual sufficiency" under Rule 56 so that the anti-SLAPP special motion could be handled in federal court. 890 F.3d at 835.

The Nevada anti-SLAPP law also includes a timing control whereby "[a] special motion to dismiss must be filed within 60 days after service of the complaint, which period may be extended by the court for good

8

cause shown." Nev. Rev. Stat. §41.660(2). The Ninth Circuit has held that such time periods found in anti-SLAPP statutes are inapplicable in federal court because they "directly collide with the more permissive timeline Rule 56 provides for the filing of a motion for summary judgment." *Sarver v. Chartier*, 813 F.3d 891, 900 (9th Cir. 2016). Under Rule 56(b), by contrast, "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery."

In addition, the Nevada anti-SLAPP statute provides a "stay [of] discovery pending: (1) A ruling by the court on the motion; and (2) The disposition of any appeal from the ruling on the motion . . . . " Nev. Rev. Stat. §41.660(3)(e). The Ninth Circuit recognized the conflict with "discovery-limiting aspects" of California's anti-SLAPP statute and Rule 56's requirement to "ensure[] that adequate discovery will occur before summary judgment is considered," and held that "discovery-limiting aspects" of California's anti-SLAPP statute do not apply in federal court. *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) (citing *Rogers v. Home Shopping Network, Inc.*, 57 F. Supp.2d 973, 982 (C.D. Cal. 1999)).

The problem with this Court's treatment of the Nevada anti-SLAPP

9

provisions under the Federal Rules is that like the Delaware law in *Berk*, the anti-SLAPP law "demands more." *Berk,* slip op. at 6. The Ninth Circuit's approach of deciding whether to grant or deny a special motion to dismiss using the standards of Federal Rules 12 and 56 simply re-writes the state anti-SLAPP special motion procedure. This judicial removal of the probability of success standard, the timing constraints, and the mandatory stay on discovery that state courts require, fundamentally changes the nature of attorney fee awards that were intended to be preconditioned by the anti-SLAPP procedures. This rewriting of the statute's preconditions for fee-shifting often significantly alters what attorney fees are recoverable in a way that the state legislature never contemplated. This case is illustrative, as defendants chose to file their special motion to dismiss after discovery had closed and are now demanding a $600,000 bond to cover their attorney fees. *See* Appellees' Opposition to Motion to Stay Mandate Pending Petition for Certiorari (Dkt..R. 85.1) at 4.

The *Berk* Court rejected efforts to reconcile the conflict with the Federal Rules by re-writing the Delaware law, noting that "[a]fter defendants' edits, the Delaware law is no longer a pleading requirement

10

that serves a gatekeeping function; it is a free-floating evidentiary requirement that can serve as the basis for an early dismissal." *Id.,* slip op. at 8. Likewise, the Ninth Circuit has had to substantially alter state anti-SLAPP laws to the point that they are barely recognizable. *See Gopher Media,* 154 F.4th at 717 (J. Bress, concurring) ("The attorneys' fees provision in the anti-SLAPP statute is part of an integrated statutory scheme. There is simply no basis for allowing fee-shifting for a revamped anti-SLAPP law that bears no resemblance to the statute as enacted").

### 4) *Substantive Nature of Displaced Law is Irrelevant to Federal Rule's Validity Under Berk*

*Berk* leaves little room to justify application of the anti-SLAPP fee shifting procedures as substantive law. Indeed, the Nevada anti-SLAPP statutes are not fee shifting mechanisms that any successful defendant may benefit from analogous to prevailing party fee-shifting provisions that have been upheld as substantive—one must succeed on the special motion to dismiss to get attorney fees. *See* Nev. Rev. Stat. § 41.670(1)(a) ("If the court grants a special motion to dismiss filed pursuant to NRS 41.660: (a) The court shall award reasonable costs and attorney's fees to the person against whom the action was brought"); *Stubbs v. Strickland,*

11

129 Nev. 146, 151, 297 P.3d 326, 329 (Nev. 2013) ("The plain language of NRS 41.670 clearly conditions a defendant's ability to bring a separate action for damages and attorney fees in response to a SLAPP suit on the district court's grant of a special motion to dismiss."). State fee-shifting statutes previously upheld as substantive differ from the anti-SLAPP statutes because those statutes lacked procedural prerequisites that conflicted with the Federal Rules—they simply awarded fees to the prevailing party. *See Sioux County v. Nat'l Sur. Co.*, 276 U.S. 238, 242 n. 2 (1928) ("In all cases where the beneficiary, or other person entitled thereto, brings an action at law upon any policy . . . , against any company, person or association doing business in this state, the court, upon rendering judgment against such company, person or association, shall allow the plaintiff a reasonable sum as an attorney's fee in addition to the amount of his recovery . . . ."). If the legislators had simply added a fee shifting mechanism for successful defendants without preconditioning it with a procedure incompatible with the Federal Rules there would be no problem. But labeling the special motion to dismiss attorney fees "substantive" does not resolve the conflict when the mechanism for vindicating that right is procedural and conflicts with the

12

Federal Rules. This kind of policy-focused interpretation of the Federal Rules does not withstand scrutiny post-*Berk*.

The *Berk* analysis casts doubt on an approach that relies on state policy in seeking to conform an anti-SLAPP statute to the Federal Rules. The Court anticipated the reliance on the Rules Enabling Act ("REA") in order to effectuate a state substantive policy and rejected this move. The Court in *Berk* held that a Federal Rule is lawful under the REA if it "really regulates procedure." *Berk*, slip op. at 11. The Court rejected arguments that one might challenge a Federal Rule as applied under the REA by asking "whether *the displaced state law* is substantive." *Id.* (emphasis original). Even if anti-SLAPP fee-shifting serves a substantive policy of protecting First Amendment activity, that does not save the procedural mechanism from displacement if it conflicts with a valid Federal Rule. A valid Federal Rule governs even if it incidentally affects "state-created rights." *See Shady Grove*, 559 U.S. at 406–07 (plurality), citing *Hanna v. Plumer*, 380 U.S. 460, 464 (1965). *Berk* forecloses stripping state timing/evidentiary architecture and then awarding state-law remedies dependent on that very architecture.

13

**B.  The panel's reliance on summary judgment cannot sustain anti-SLAPP relief.**

The superseding memorandum reasons that because the panel affirms summary judgment for defendants, Nevada's second prong is "satisfied," warranting reversal of the district court's denial of the anti-SLAPP motion and remand. That rationale presupposes that Nevada's anti-SLAPP statute applies in federal court. Under *Berk*, it does not. Without an applicable state special-motion regime, there is no second-prong inquiry to "collapse," no basis for converting a federal summary-judgment ruling into a state-law "probability-of-prevailing" determination, and no foundation for anti-SLAPP remedies such as mandatory fee-shifting or striking claims via a special motion. *See* Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 12(b)(6), 12(d); Fed. R. Civ. P. 56; *Burlington Northern Railroad Co., v. Woods*, 480 U.S. 1, 7–8 (1987) (Rules occupy field against contrary state procedure). The federal summary-judgment affirmance may resolve the merits, but it cannot retroactively bootstrap inapplicable state anti-SLAPP procedures or remedies. Doing so would expand fee-shifting far beyond the state legislature's early-screening design, creating forum-dependent distortions *Erie* and *Hanna* forbid. To the extent the panel's disposition

14

purports to direct entry of anti-SLAPP relief because summary judgment was affirmed, that remedial step is legally unavailable after *Berk* and must be vacated.

### C. The question presented is exceptionally important and warrants en banc review notwithstanding *Gopher Media*.

In *Gopher Media*, this court sitting *en banc* overruled *Batzel v. Smith*, 333 F.3d 1018 (9th Cir. 2003) which held that the Court has jurisdiction to review orders denying a motion to strike under California's anti-SLAPP statute. 154 F.4th at 699. The Court held that "we now conclude that a district court's denial of a motion to strike under the California anti-SLAPP statute does not satisfy the requirements for an interlocutory appeal under the collateral order doctrine." *Id.* Because the Court ruled that it lacked appellate jurisdiction, it was not forced to reconsider its precedent in *Newsham*, that California's anti-SLAPP statute applies in federal court. *Id.* n. 2. The Court's February 25th Order (Dkt. 83.1) applying Nevada's anti-SLAPP special motion to dismiss forces the Court to confront this very important issue with wide-ranging ramifications.

There is a widely acknowledged circuit split on the question of anti-

15

SLAPP applicability in federal court. Contrary to this Circuit's longstanding precedent since *Newsham*, the Second Circuit held that California's anti-SLAPP act does not apply in federal court in *La Liberte v. Reid*, 966 F.3d 79, 87-88 (2d Cir. 2020). This Court acknowledged the split in *Clifford v. Trump*, when it upheld the Texas Citizen's Participation Act (TCPA) that was "indistinguishable from California's law in all material respects" in a nonprecedential opinion citing *Newsham*. 818 Fed. Appx. 746, 747 (9th Cir. 2020) ("Though we recognize the Fifth Circuit recently held that the TCPA does not apply in federal court. . . the reasoning of the Fifth Circuit's opinion cannot be reconciled with our circuit's anti-SLAPP precedent . . . ") (internal citation omitted). The Eleventh and D.C. Circuits have also held similar anti-SLAPP statutes inapplicable in federal court. *See Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1347 (11th Cir. 2018) (holding Georgia's anti-SLAPP special motion requiring the plaintiff demonstrate "a probability" that he "will prevail on the claim" to avoid dismissal cannot be brought in federal court); *Abbas v. Foreign Pol'y Grp.*, LLC, 783 F.3d 1328, 1333 (D.C. Cir. 2015) (holding District of Columbia's anti-SLAPP special motion to dismiss inapplicable in federal court). The First Circuit

16

is the only other circuit besides the Ninth that is currently cited for having upheld an anti-SLAPP law in federal court in *Godin v. Schencks*, but the Maine law at issue in that decision lacked a burden-shifting aspect and was therefore materially different than the California, Texas, Georgia statutes that were held inapplicable in the Second, Fifth and Eleventh Circuits. 629 F.3d 79, 86 (1st Cir. 2010). The First Circuit precedent is therefore of limited persuasive value in defending *Newsham*, since the only anti-SLAPP statute upheld in that circuit lacked the very burden-shifting features that create the conflict with the Federal Rules identified by the other circuits.

This circuit split was also acknowledged in the separate concurring opinions in *Gopher Media* that offered competing views on whether this Court should revisit *Newsham* and anti-SLAPP applicability in federal court. *See* 154 F.4th at 704–709 (Bennett, C.J., joined by Callahan, C.J., concurring) ("California's anti-SLAPP special-motion and attorney-fee-shifting provisions, Cal. Civ. Proc. Code §425.16(b)(1), (c)(1), provide defendants with a pretrial claim for attorneys' fees for plaintiffs' abuse of the judicial process. That is a substantive right, and no federal rule controls or directly collides with that right. Thus, the anti-SLAPP

17

provisions apply in federal court."); 154 F.4th at 721 (Judge Bress, C.J., whom Collins, Lee and Bumatay, C.Js., join, concurring in the judgment) ("We should have held that California's anti-SLAPP statute does not apply in federal court"). When *Gopher Media* was decided these four judges lacked *Berk*, which is binding Supreme Court precedent and should tip the balance toward overruling *Newsham*.

Resolving the circuit split over applicability of anti-SLAPP special motions to dismiss in federal court is an issue of national importance, and could affect the trajectory of proposed federal legislation on this issue.[1] In the two months since deciding *Berk*, several legal commentators have suggested the Supreme Court decision calls into question whether anti-

///

///

///

///

---

[1] *See* Lina Dayem, "La Liberte v. Reid and the Anti-SLAPP Split," U. Chicago Law Review (online essay) (available at https://lawreview.uchicago.edu/online-archive/la-liberte-v-reid-and-anti-slapp-split) (accessed March 10, 2026); Oliver Kassenbrock, Don't Let Them SLAPP You Around: The Case for Federal Anti-SLAPP Legislation, Univ. Il. Chicago Law Review (available at https://lawreview.law.uic.edu/news-stories/dont-let-them-slapp-you-around-the-case-for-federal-anti-slapp-legislation/) (accessed March 10, 2026).

SLAPP special motions to dismiss may be used federal court.[2] The Ninth Circuit is effectively alone among the circuits in applying burden-shifting anti-SLAPP statutes in federal cases, and within the Ninth Circuit there is significant dissent on this very topic. This case presents a unique opportunity for this Court to decide whether *Newsham* is good law in light of *Berk v. Choy* ahead of any resolution of the anti-SLAPP circuit split by the Supreme Court.

## V. RELIEF REQUESTED

The Court should grant rehearing en banc, vacate the panel's superseding memorandum disposition to the extent it applies Nevada's anti-SLAPP statute in federal court or directs anti-SLAPP relief, and hold that, in light of *Berk*, Nevada's anti-SLAPP special-motion procedures do not apply in federal court because they conflict with and are displaced by Federal Rules of Civil Procedure 8, 12, and 56. The Court

---

[2] Brownstein Client Alert, "Supreme Court Ruling Signals Trouble Ahead for Anti-SLAPP Statutes in Federal Court," (Jan. 20, 2026) (https://www.bhfs.com/insight/supreme-court-ruling-signals-trouble-ahead-for-anti-slapp-statutes-in-federal-court/) (accessed March 10, 2026); Niles-Weed, "A Sleeper Supreme Court Case Opens Door to More Frivolous Suits," Bloomberg Law (March 3, 2026) (available at https://news.bloomberglaw.com/legal-exchange-insights-and-commentary/a-sleeper-supreme-court-case-opens-door-to-more-frivolous-suits) (accessed March 10, 2026).

should clarify that, even if the panel's summary-judgment disposition stands, no anti-SLAPP-based remedies or findings may be entered on remand.

Dated this 11th day of March, 2026.

By: */s/ Tamara Beatty Peterson*
TAMARA BEATTY PETERSON (Bar No. 5218)
PETERSON BAKER, PLLC
-and-
JEFFREY VOCKRODT
CM LAW

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 11. Certificate of Compliance for Petitions for Rehearing/Responses

**9th Cir. Case Number:** 23-3227; 23-3390; 24-159

I am the attorney or self-represented party.

I certify that pursuant to Circuit Rule 40-1, the attached Petition

for Panel Rehearing/Petition for Rehearing En Banc/Response to Petition

is (select one):

☒    Prepared in a format, typeface, and type style that complies with Fed. R. App. P. 32(a)(4)-(6) and **contains the following number of words: 3813.**

**OR**

☐    In compliance with Fed. R. App. P. 32(a)(4)-(6) and does not exceed 15 pages.

**Date: March 11, 2026.**

**Signature: _/s/ Tamara Beatty Peterson_**
*(use "s/[typed name]" to sign electronically filed documents)*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing CROSS-APPELLEES' PETITION FOR REHEARING EN BANC with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on March 11, 2026.

I further certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the appellate CM/ECF system.

*/s/ Julia L. Melnar*
on behalf of Peterson Baker, PLLC

22